# EXHIBIT 1

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
01/26/2026 at 04:17:24 PM
By: Andrel Gospel,
Deputy Clerk

**HUNTER PYLE, SBN 191125**
**DANIEL BROME, SBN 278915**
HUNTER PYLE LAW, PC
505 14th Street, Suite 600
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile:  (510) 444-4410
Email:   hunter@hunterpylelaw.com;
         dbrome@hunterpylelaw.com

Attorneys for Plaintiff
WAYNE JACKSON

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| WAYNE JACKSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>TESLA, INC., which does business in California as TESLA MOTORS, INC.; and DOES 1-20, inclusive,<br><br>          Defendants. | Case No.:  26CV166808<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  **HARASSMENT (FEHA);**<br>2.  **RACE-BASED DISCRIMINATION (FEHA);**<br>3.  **RETALIATION (FEHA); AND**<br>4.  **FAILURE TO PREVENT DISCRIMINATION, RETALIATION, & HARASSMENT (FEHA).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff WAYNE JACKSON ("Plaintiff") complains and alleges as follows:

## I. INTRODUCTION

1. Plaintiff was employed at TESLA, INC., which does business in California as TESLA MOTORS, INC. ("Defendant TESLA") from approximately October 2018 to approximately March 2019.

2. Throughout his employment, Plaintiff was subjected to a pattern and practice of harassment and discrimination by various supervisors and employees of Defendant TESLA.

3. Some of Plaintiff's direct supervisors employed by Defendant TESLA regularly used racial slurs to degrade, belittle, ridicule, and dehumanize him.

4. Defendant TESLA knew or should have known of this harassment but failed to take adequate measures to protect Plaintiff.

5. This harassment and discrimination created intolerable working conditions for Plaintiff.

6. Plaintiff brings this case alleging causes of action for: (1) harassment; (2) race discrimination; (3) retaliation; and (4) failure to prevent discrimination, retaliation, and harassment.

## II. PARTIES AND JURISDICTION

7. Plaintiff is a Black male. Plaintiff worked for Defendant TESLA's factory in Alameda County from approximately October 2018 to approximately March 2019.

8. Defendant TESLA is a Texas corporation licensed to do business by virtue of the laws of the State of California. Defendant TESLA maintains its headquarters in Austin, Texas, and operates and engages in business in the City of Fremont, located in the County of Alameda, California.

9. The true names and capacities, whether individual, corporate, associate, agent, or otherwise, of the Defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, each such fictitiously named Defendant is responsible in the manner set forth herein, or some other manner, for the occurrences alleged herein, and that the damages as alleged herein

1

were proximately caused by their conduct. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is a California resident. Plaintiff will amend this complaint to allege their true names and capacities when such information is discovered.

10.     Venue is proper in the County of Alameda for several reasons. Defendant TESLA operates and engages in business in the City of Fremont, located in the County of Alameda, California. Additionally, the acts, omissions, conduct, contracts, promises and violations of the law herein alleged were done, made or performed in substantial part in the County of Alameda. This Court has jurisdiction over this action pursuant to Article 6, section 10 of the California Constitution and California Code of Civil Procedure section 410.10.

### III.     TOLLING AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.     Plaintiff's claims were tolled by the filing of *Marcus Vaughn v. Tesla Inc.,* Alameda County Case No. RG17882082, on November 13, 2017.

12.     Plaintiff has exhausted the applicable remedies available to him under the FEHA by timely filing a complaint regarding the matters described below with the California Civil Rights Department ("CRD") on February 1, 2024.

13.     The CRD issued a Notice of Case Closure and Right to Sue Letter to Plaintiff on January 27, 2025.

### IV.     STATEMENT OF THE CASE

14.     Plaintiff worked for Defendant TESLA's factory located at 45500 Fremont Boulevard, Fremont, California, 94538, from approximately October 2018 to approximately March 2019.

15.     During his employment at Defendant TESLA's factory, Plaintiff worked as a Production Supervisor in the Battery Install Department.

16.     Plaintiff's supervisors included Opinder Bains and Thuay LNU (LAST NAME UNKNOWN).

### Racial Animus at TESLA

17.     Throughout Plaintiff's employment at Defendant TESLA's factory, Plaintiff would regularly hear language spoken by non-Black employees that was racist towards Black employees.

*JACKSON, WAYNE V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

For example, Plaintiff regularly heard non-Black employees use the N-word at Defendant TESLA's factory, including non-supervisory employees and supervisors alike, while working on the production floor.

18.    Approximately every other day, Plaintiff heard Thuay LNU refer Black employees as "them" and "they." For example, Thuay LNU instructed Plaintiff to check on Black employees by saying phrases like "go see what they doing" and "make sure they working" to Plaintiff. Plaintiff observed Thuay LNU refer to non-Black employees by their first names instead of the word "them" or "they."

19.    In or around October or November 2018, while Plaintiff and Thuay LNU were working at Defendant TESLA's factory, Plaintiff heard Thuay LNU called Black employees, who were working on the line at the time, as "n*gg*rs." Plaintiff was shocked to hear Thuay LNU's comment, and in fear of retaliation, Plaintiff did not say anything in response to Thuay LNU's racist comment.

20.    The racially harassing speech was extremely offensive to Plaintiff.

21.    After hearing Thuay LNU's racist speech, Plaintiff complained in an email to two Human Resources ("HR") representatives, Brandy LNU (Last Name Unknown), and Michaela Tarpey about the racist speech at the factory and the racial discrimination and harassment. Plaintiff told Brandy LNU and Ms. Tarpey about the use of the N-word at the factory, including Thuay LNU's use of the N-word; a previous complaint to Ms. Bains about the use of the N-word that went unanswered; and his perception that Black employees, including himself, were treated differently than non-Black employees.

22.    Plaintiff did not receive a reply from either Brandy LNU or Ms. Tarpey. Instead, Thuay LNU demanded that Plaintiff join a meeting without notice.

23.    Plaintiff joined the meeting, which included Brandy LNU and Thuay LNU. When Plaintiff entered the meeting, Brandy LNU from HR was already present. When Plaintiff entered the meeting, Thuay LNU said, "the n*gg*r is here." Plaintiff looked at Brandy LNU and asked her if Thuay LNU's comment was acceptable. Thuay LNU proceeded to say, "I'm just joking." Ignoring

*JACKSON, WAYNE V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Plaintiff's question, Brandy LNU proceeded to ask Plaintiff about his complaints. Plaintiff again informed Brandy LNU that Black employees were treated differently at Defendant TESLA's factory; that Black employees were receiving write-ups when non-Black employees were not receiving write-ups for the same workplace policy violations; and that Thuay LNU used the N-word and "them" in reference to Black employees. Plaintiff observed Brandy LNU taking notes during this meeting.

24.     During this same meeting, Brandy LNU informed Plaintiff that he was allegedly not performing his job duties and expectations. Brandy LNU focused on the performance of Plaintiff's production line, including the expectations for the line's units per hour and amount of down time. Plaintiff disputed the characterizations of his line compared to other lines. In reply, Thuay LNU asked Plaintiff to leave the meeting. Brandy LNU and Thuay LNU did not address Plaintiff's complaints of racially harassing behavior during this meeting, and no changes were made after this meeting. Upon information and belief, no investigation was done into Plaintiff's complaints following this meeting.

**TESLA's Differential Treatment of Plaintiff and Other Black Employees**

25.     Plaintiff observed that Ms. Bains and Thuay LNU would stare at Plaintiff while he was working at Defendant TESLA's factory. This behavior made Plaintiff feel very uncomfortable. Plaintiff did not observe Ms. Bains and Thuay LNU stare at other non-Black supervisors.

26.     Throughout Plaintiff's employment at Defendant TESLA's factory, Plaintiff observed few Black employees in lead positions. Plaintiff was the only Black supervisor in his department; the other approximately four-to-five supervisors were non-Black. Plaintiff did not observe any Black leads or managers. All of Plaintiff's supervisors were non-Black individuals.

27.     Plaintiff also observed that Black employees were racially segregated and assigned to work in positions with more physical and demanding tasks. For example, starting from the beginning of his employment, Plaintiff observed that Black employees were grouped together on specific tasks, such as lifting items that were heavy, and worked on parts of the line with more tasks to assemble a battery.

*JACKSON, WAYNE V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

28.    Plaintiff observed his supervisors, including Ms. Bains, treat him differently after he complained about Thuay LNU's use of the N-word. For example, before Plaintiff's complaint, Plaintiff was invited to and attended supervisory meetings. However, after his complaint about Thuay LNU, Ms. Bains excluded Plaintiff from supervisory meetings and told Plaintiff to stay on the production floor and not to attend the meetings. Additionally, after Plaintiff's complaints, Ms. Bains also treated Plaintiff differently by demanding higher production standards in terms of unrealistic speed and quality metrics. Plaintiff observed that the new demands set by Ms. Bains were not consistent with what other shifts and lines could produce. On information and belief, Ms. Bains did not set this unrealistic quota to non-Black employees.

29.    Plaintiff observed Defendant TESLA's supervisors reprimand only Black employees, and non-Black employees who violated the same policies were not reprimanded. For example, approximately every week, Thuay LNU issued write-ups for Plaintiff to hand to Black employees. These write-ups were for a variety of alleged infractions, but Plaintiff observed that non-Black employees also engaged in these violations and Thuay LNU never gave Plaintiff any write-ups to hand to a non-Black employee.

### Plaintiff Complains About Harassment and Differential Treatment

30.    After hearing Thuay LNU refer to Plaintiff and other Black employees as "n*gg*r," Plaintiff complained to Ms. Bains about Thuay LNU's racist speech. In reply, Ms. Bains laughed at Plaintiff and immediately told him that racism does not exist here.

31.    After Plaintiff's complaint to Ms. Bains about Thuay LNU's racist speech, Ms. Bains issued Plaintiff a write-up for allegedly failing to meet his production quota and/or production quality. Plaintiff told Ms. Bains that this allegation was not true. There were no concerns about Plaintiff's production goals and/or production quality, as Plaintiff continued the same work as before he complained about Thuay LNU. Nonetheless, Ms. Bains issued Plaintiff a write-up. Plaintiff was retaliated against in the form of receiving a write-up because he complained about Thuay LNU's racist speech.

32.    In or around January 2019, Plaintiff also complained to Elon Musk about the racial discrimination at Defendant TESLA's factory. Plaintiff sent an internal email to Mr. Musk, where he asked Mr. Musk to contact him because there was discrimination at the factory.

33.    Plaintiff did not receive a response from Mr. Musk. There were no changes to the harassment, and upon information, no investigation was conducted following this complaint.

34.    In or around January 2019, Whitney Banks, a Senior Employee Relations Partner, emailed Plaintiff and asked to meet about his complaints. During this meeting with Ms. Banks, Plaintiff informed her about Thuay LNU's use of the N-word at the factory; his complaints about Thuay LNU to Ms. Bains; that Ms. Bains did not take Plaintiff seriously when he told Ms. Bains that Thuay LNU is racist; that Ms. Bains and Thuay LNU were watching Plaintiff and making him feel uncomfortable; that Thuay LNU referred to Black employees as "them;" that Plaintiff was not included in supervisory meetings; that Ms. Bains gave him unrealistic workplace goals about quality and production; and that Ms. Bains issued Plaintiff a write-up after he complained about the racial harassment and discrimination. Plaintiff requested that Defendant TESLA hire a third-party investigator about his complaints. Plaintiff observed Ms. Banks taking handwritten notes during the meeting. Ms. Banks informed Plaintiff that she would investigate the matter.

35.    Later, Ms. Banks sent Plaintiff an email that Defendant TESLA had concluded its investigation and found Plaintiff's complaints to be unsubstantiated.

36.    Despite Plaintiff's repeated complaints to Ms. Bains, HR, Mr. Musk, and Ms. Banks about the racial harassment, racial discrimination, and retaliation, Thuay LNU remained as Plaintiff's supervisor; Plaintiff continued to hear the N-word spoken at the factory; and racial harassment, discrimination, and retaliation continued to occur.

37.    Plaintiff did not receive a response from Ms. Bains, HR, and Mr. Musk about his complaints.

**TESLA Terminates Plaintiff**

38.    Due to the stress, anxiety, discrimination, and retaliation that he faced while working at Defendant TESLA's factory, Plaintiff went on stress-related medical leave in or around January 2019.

39.    Plaintiff was approved to be on medical leave for approximately four to six weeks.

40.    Prior to Plaintiff's complaints, Ms. Bains informed Plaintiff that he was "doing a great job" and alluded that she would look into whether Plaintiff could be promoted to a senior supervisor role.

41.    During Plaintiff's medical leave, in or around January 2019, Defendant TESLA informed Plaintiff that he would be laid off in or around March 2019 due to a "business restructure."

42.    In approximately March 2019, Defendant TESLA terminated Plaintiff's employment because he complained about racial discrimination, harassment, and retaliation.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Harassment**
**in Violation of Cal. Gov't Code § 12940(j)**

43.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

44.    California Government Code section 12940(j) provides that it shall be unlawful for an employer to harass an employee. The FEHA holds employers strictly liable for harassment by supervisors. Section 12940(j) further provides that harassment of an employee, "by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action."

45.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

46.    At all relevant times herein, Plaintiff's supervisors, including Ms. Bains and Thuay LNU, engaged in the harassing conduct and/or encouraged the harassing conduct.

47.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA when he was being harassed by Defendant TESLA's employees, including supervisors.

*JACKSON, WAYNE V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

48.    Plaintiff was subjected to harassing conduct due to his race.

49.    The harassing conduct was severe or pervasive.

50.    A reasonable Black person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

51.    Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

52.    Defendant TESLA knew or should have known of the harassing conduct and failed to take immediate and corrective action.

53.    In committing these actions, Defendant TESLA violated the FEHA.

54.    Plaintiff was harmed by Defendant TESLA's actions.

55.    Defendant TESLA's actions were a substantial factor in causing Plaintiff's harm.

56.    Defendant TESLA committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights, in that Defendant TESLA's supervisors, including Ms. Bains and Thuay LNU, harassed Plaintiff and Defendant TESLA failed to take corrective action to prevent the harassment of Plaintiff, despite the fact that Defendant TESLA knew about the harassment and knew of the supervisors' history of harassment towards Black employees. Thus, Plaintiff is entitled to recover punitive damages from Defendant TESLA.

57.    As a direct, foreseeable, and proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff requests judgment against Defendant TESLA as set forth below.

**SECOND CAUSE OF ACTION**
**Race Discrimination**
**in Violation of Cal. Gov't Code § 12940(a)**

58.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

8

*JACKSON, WAYNE V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

59.    California Government Code Section 12940(a) provides that it shall be unlawful for an employer to discriminate against an employee "in compensation or in terms, conditions, or privileges of employment."

60.    At all relevant times herein, Defendant TESLA was Plaintiff's employer.

61.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

62.    Defendant TESLA engaged in adverse employment actions including, but not limited to, treating Plaintiff differently from non-Black employees in terms of opportunities and other issues; failing to follow up on complaints about unlawful conduct; and terminating Plaintiff.

63.    Plaintiff is Black.

64.    Plaintiff's race was a substantial motivating reason for Defendant TESLA's adverse employment actions including, but not limited to, treating Plaintiff differently from non-Black employees in terms of opportunities and other issues; failing to follow up on complaints about unlawful conduct; and terminating Plaintiff.

65.    Plaintiff was harmed by Defendant TESLA's actions.

66.    Defendant TESLA's conduct was a substantial factor in causing Plaintiff's harm.

67.    Defendant TESLA committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages from Defendant TESLA.

68.    As a direct, foreseeable, and proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff requests judgment against Defendant TESLA as set forth below.

### THIRD CAUSE OF ACTION
**Retaliation**
**in Violation of Cal. Gov't Code § 12940(h)**

69.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

70. Plaintiff complained to Defendant TESLA's supervisors, HR, and Mr. Musk regarding the FEHA violations, including discrimination.

71. Defendant TESLA did not investigate or take any actions after Plaintiff complained about the FEHA violations and instead issued a write-up and later terminated Plaintiff.

72. Plaintiff's complaints of unlawful conduct including discrimination were substantial motivating reasons for Defendant TESLA's decision to issue a write-up and terminate Plaintiff.

73. Plaintiff was harmed.

74. Defendant TESLA's conduct was a substantial factor in causing Plaintiff's harm.

75. Defendant TESLA committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages from Defendant TESLA.

76. As a proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff requests judgment against Defendant TESLA as set forth below.

### FOURTH CAUSE OF ACTION
### Failure to Prevent Discrimination, Retaliation, & Harassment
### in Violation of Cal. Gov't Code § 12940(k)

77. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

78. California Government Code Section 12940(k) provides that it shall be unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring.

79. At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

80. Plaintiff was subjected to discriminatory, retaliatory, and harassing conduct because of his protected status as a Black person.

81.    The harassing conduct directed toward Plaintiff was so severe, widespread, or persistent that a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

82.    Plaintiff considered the work environment to be hostile or abusive.

83.    Defendant TESLA knew or should have known of the discriminatory, retaliatory, and harassing conduct and failed to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring.

84.    In committing these actions, Defendant TESLA violated the FEHA.

85.    Plaintiff suffered harm.

86.    The failure of Defendant TESLA to take reasonable steps to prevent discrimination, retaliation, and harassment was a substantial factor in causing Plaintiff's harm.

87.    Defendant TESLA committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Thus, Plaintiff is entitled to recover punitive damages from Defendant TESLA.

88.    As a proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff requests judgment against Defendant TESLA as set forth below.

## VI.    DAMAGES

89.    As a proximate result of the conduct by Defendant TESLA, Plaintiff has suffered and continues to suffer economic loss.

90.    As a further proximate result of the conduct by Defendant TESLA, Plaintiff has suffered emotional and mental distress, fear, anxiety, humiliation, and embarrassment.

91.    Plaintiff was required to retain private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

WHEREFORE, Plaintiff requests relief from Defendant TESLA as follows:

1. For compensatory damages for lost past and future wages, earnings, and benefits, according to proof;

2. For general damages for humiliation, mental anguish, and emotional distress, according to proof;

3. For consequential damages, according to proof;

4. For punitive damages, according to proof;

5. For statutory penalties, according to proof;

6. For reasonable attorneys' fees, according to proof;

7. For reasonable costs, according to proof;

8. Injunctive relief to address the wrongs alleged herein; and

9. For such other and further relief as the Court may deem just and proper.

DATED: January 26, 2026                 HUNTER PYLE LAW, PC


By: _____
        Hunter Pyle
        Daniel Brome

Attorneys for Plaintiff
WAYNE JACKSON

*JACKSON, WAYNE V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiff WAYNE JACKSON demands a jury trial of this matter on all triable claims.


DATED: January 26, 2026                    HUNTER PYLE LAW, PC


By: _____
     Hunter Pyle
     Daniel Brome

Attorneys for Plaintiff
WAYNE JACKSON

*JACKSON, WAYNE V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**